UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GOF-FINANCE-C, LLC,

                Plaintiff,                        Case Number 25-13749
                                                Honorable David M. Lawson

v.

BECKER-PRESSENTE, LLC, and
DAVID STOCKMAN,

                Defendants.

_____/

## OPINION AND ORDER GRANTING IN PART MOTION TO REMAND

Plaintiff GOF Finance-C, LLC ("GOF") commenced an action on February 4, 2025 in the Saginaw County, Michigan circuit court against defendants David Stockman and Becker-Pressente, LLC to collect a foreign judgment it had domesticated. Eventually, Stockman was served with a subpoena on September 12, 2025 to appear for a creditor's examination. Defendant Becker-Pressente filed a notice to remove the case to this Court on November 24, 2025, the day a contempt motion was to be heard in state court for Stockman's failure to respond to the subpoena, alleging rights under the Bankruptcy Code. GOF moved to remand the case to state court within 30 days of the removal, arguing, among other things, that the removal was untimely. The defendants have not responded to the motion. The removal notice was not filed within the time allowed by 28 U.S.C. § 1446(b)(1), and GOF filed its remand motion within 30 days of the notice. The motion to remand will be granted. However, because GOF also asked for an award of fees under 28 U.S.C. § 1447(c) but has not furnished documentation supporting an amount, the Court will delay remanding the case to allow GOF to supplement the record.

I.

GOF obtained a judgment of more than $1.7 million against Becker-Pressente, LLC, Saginaw MTA Development Companies, LLC, Michigan Health Clinics, P.C., and their owner, David Stockman, in the Court of Common Pleas for Montgomery County, Ohio, on December 10, 2024.  ECF No. 4-2, PageID.26-27.  The judgment was later domesticated in a Michigan state court on February 4, 2025.  ECF No. 4-3, PageID.29-30.

After domesticating the judgment, GOF initiated foreclosure proceedings against four properties owned by Becker-Pressente, LLC.  The foreclosure sales were initially scheduled for May 2, 2025.  ECF No. 4, PageID.7.  However, two days before those sales were to occur, David Stockman filed a Chapter 11 bankruptcy petition on behalf of Becker-Pressente, LLC.  *See* ECF No. 4-4, PageID.35.  Becker-Pressente was not represented by counsel, so the United States Trustee promptly moved to dismiss the bankruptcy proceeding, indicating both that corporations may not proceed in bankruptcy court without an attorney and that the debtor had failed to comply with basic filing obligations, including providing proof of insurance.  *Id.* at PageID.35-37.  The bankruptcy court dismissed the case on May 8, 2025.  ECF No. 4-5, PageID.42.

GOF thereafter rescheduled the foreclosure sales for May 16, 2025.  ECF No. 4, PageID.7.  On May 15, 2025 — the day before the rescheduled sales — Stockman filed another Chapter 11 petition on behalf of Becker-Pressente without counsel and despite the bankruptcy court's earlier admonition.  *See* ECF No. 4-6, PageID.44.  The United States Trustee again moved to dismiss the proceeding, describing the filing as a repeat violation of the court's rules and asserting that the debtor appeared interested only in delaying creditors rather than reorganizing its affairs.  *Id.* at PageID.44-46.  At a hearing held on May 22, 2025, the bankruptcy court dismissed the second bankruptcy case and entered an order of dismissal the next day.  *In re Becker-Pressente, LLC*, Case

- 2 -

No. 25-bk-20624, ECF Nos. 20, 21 (E.D. Mich. Bnkr.).  The foreclosure sales proceeded on May 23, 2025.  ECF No. 4-9, PageID.64-69.

Several months later, GOF sought to conduct a creditor's examination of Stockman in the Saginaw County Circuit Court.  The court issued a subpoena on September 5, 2025 directing Stockman to appear and produce documents on October 17, 2025.  ECF No. 4-12, PageID.91-92.  GOF served Stockman with that subpoena on September 12, 2025.  *Id.* at PageID.93.  Stockman neither appeared nor produced documents.  ECF No. 4-14 at PageID.102-03.  GOF then moved to compel compliance and requested that the state court hold Stockman in contempt and issue a bench warrant should he continue to refuse compliance.  ECF No. 4-15.  The state court scheduled a hearing on that motion for November 24, 2025.  ECF No. 4-16, PageID.174.

On the day of the hearing, Becker-Pressente filed a notice removing the action to federal court.  The notice asserted that the foreclosure sales conducted on May 23, 2025 were void because the automatic stay from the second bankruptcy case allegedly remained in effect at the time of the sales.  ECF No. 1, PageID.1-2.

GOF moved to remand the case to state court on December 17, 2025, arguing that the removal was (1) untimely and (2) procedurally defective because it was not signed by an attorney on behalf of Becker-Pressente.  GOF also seeks attorneys' fees and costs necessitated by the removal in the amount of $3,718, arguing that the defendants' removal was objectively unreasonable.  The defendants did not respond to the motion to remand.

II.

Title 28, section 1441(a) of the United States Code permits defendants in civil actions to remove cases originally filed in state courts to federal district courts where the district court would have had original jurisdiction.  *Nessel ex rel People of Michigan v. Enbridge Energy*, LP, 104 F.4th

958, 965 (6th Cir. 2024).  A party seeking to remove a case to federal court "bears the burden of establishing" that removal is proper.  *Her Majesty the Queen In Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989).

A removing defendant also must comply with the procedural requirements found in 28 U.S.C. § 1446.  One of those requirements is that the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt" of the "initial pleading" in that action, "or within 30 days after the service of summons upon the defendant[,] . . . whichever period is shorter."  *Enbridge Energy, LP v. Nessel on behalf of Michigan*, --- U.S. ---, --, 146 S. Ct. 1074, 1079-80 (2026) (quoting 28 U.S.C. § 1446(b)).

The defendants' November 24, 2025 notice of removal missed the 30-day deadline by quite a bit.  The bankruptcy court granted the Trustee's motion to dismiss the second bankruptcy proceeding at a May 22, 2025 hearing and entered a written dismissal order the following day. Even if the May 23, 2025 foreclosure sales violated the automatic stay and supplied a basis for removal of the state case, the 30-day clock began no later than May 23, 2025, when the bankruptcy court entered its dismissal order.  *See Easley v. Pettibone Michigan Corp.*, 990 F.2d 905, 909 (6th Cir. 1993) ("[T]he debtor must file its petition for removal within 30 days after the termination of the stay.").  Yet defendants waited until November 24, 2025 — months after that deadline had expired.

In its remand motion, GOF suggests a more generous construction of events, fixing the commencement of the removal period from September 12, 2025 with the service of the creditor's examination subpoena, when, perhaps, the case first appeared removable.  "[W]hen a case at first appears unremovable, but a later 'pleading, motion, order or other paper' reveals that it is (or has become) removable . . ., the defendant has another 30 days to remove from 'receipt' of the paper

'from which it may first be ascertained that the case is . . . removable.'" *Enbridge Energy*, 146 S. Ct. at 1083 (quoting 28 U.S.C. § 1446(b)(3)).  But that exception applies only when removal is based on diversity of citizenship.  *Ibid.*  And even then, the defendants did not file their notice of removal until more than seventy days later.

The 30-day removal deadline is not jurisdictional, *id.* at 1981, and a party seeking to challenge a tardy removal must do so within 30 days, *id.* at 1080.  But when a timely challenge is brought, the Court must treat the deadline "as mandatory," *id.* at 1082, and enforce it, *Hamer v. Neighborhood Hous. Servs. of Chicago*, 583 U.S. 17, 20 (2017) ("If properly invoked, mandatory claim-processing rules must be enforced.").

III.

GOF has asked the Court to award attorney's fees and costs for having to challenge this improvident removal.  Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The Court has discretion to make such an award "where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

That standard does not require a showing that the defendants' "position was 'frivolous' or entirely 'without foundation.'"  *Kent State Univ. Bd. of Trs. v. Lexington Ins. Co.*, 512 F. App'x 485, 489 (6th Cir. 2013) (quoting *Martin*, 546 U.S. at 138-39)).  Rather, objective reasonableness "depend[s] on the clarity of the law at the time the notice of removal was filed."  *Ibid.*  Moreover, "[t]he Supreme Court has held that the 'appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants

- 5 -

a right to remove as a general matter, when the statutory criteria are satisfied.'" *Powers v. Cottrell, Inc.*, 728 F.3d 509, 515 (6th Cir. 2013) (quoting *Martin*, 546 U.S. at 140).  Therefore, "[b]ad-faith motivation to remove for the purpose of prolonging litigation and imposing costs on the opposing party indisputably . . . justif[ies] the award of fees under § 1447(c)." *A Forever Recovery, Inc. v. Twp. of Pennfield*, 606 F. App'x 279, 284 (6th Cir. 2015).

The record here leaves little doubt that the removal lacked an objectively reasonable basis. As explained above, the notice of removal was filed weeks and months after the statutory deadline had expired, and only on the very day the defendants were required to appear for a hearing in state court to explain their disregard of a creditor's examination subpoena, which could have resulted in a contempt finding.  And it appears that Stockman has employed this tactic on behalf of himself and his companies to avoid hearings and state-court judgments in several other cases.  *See, e.g.*, *Sensus Healthcare, Inc. v. Michigan Health Clinics, P.C.*, No. 25-13515, 2026 WL 1283762 (E.D. Mich. May 8, 2026); *Bush v. Stockman, et al.*, Case No. 25-11865 (E.D. Mich.); *Laboratory Corp. of America, Inc. v. Michigan Health Clinics, P.C.*, Case No. 26-11208 (E.D. Mich.); *Northstar Scientific Solutions, LLC v. Michigan Health Clinics, PC*, Case No. 26-11209 (E.D. Mich.); *Wildfire Credit Union v. Stockman, et al.*, Case No. 25-13537 (E.D. Mich.); *Bush v. Stockman, et al.*, Case No. 25-12659 (E.D. Mich.); *Bush v. Stockman, et al.*, Case No. 25-13417 (E.D. Mich.); *Neogenomics Laboratories, Inc. v. Stockman, et al.*, Case No. 25-14038 (E.D. Mich.).  The timing of the present removal, together with Stockman's demonstrated pattern of invoking removal to evade state-court authority, convincingly establishes that the removal served not to vindicate a legitimate federal right, but to delay proceedings and impose additional costs on the opposing party.  An award of fees and costs is warranted.  *A Forever Recovery*, 606 F. App'x at 284.

The amount of an award, however, must represent "just costs and . . . actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  GOF has requested $3,718, a modest sum, but it still must substantiate the request, and it has not submitted documentation for those amounts.  The Court must satisfy itself that the requested amount is reasonable, which generally calls for an examination of counsel's billing records and expense documentation.  *See Crown v. PHI Air Med., LLC*, No. 15-CV-10180, 2015 WL 3409010, at *3 (E.D. Mich. May 27, 2015).  The Court will not order remand at this time but will retain jurisdiction to adjudicate the fee request.

IV.

The defendants' notice of removal was not filed within the 30-day deadline stated in 28 U.S.C. § 1446.  The defendants' filing of this untimely notice of removal was objectively unreasonable and filed in bad faith.

Accordingly, it is **ORDERED** that the plaintiff's motion for remand (ECF No. 4) is **GRANTED IN PART**.

It is further **ORDERED** that the case will not be remanded to state court until the attorney's fee and expense request is adjudicated.

It is further **ORDERED** that the plaintiff must submit proof substantiating its request for attorney's fees and expenses **on or before June 9, 2026**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated:   May 26, 2026