**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

GOF FINANCE-C, LLC,                          Case No. 25-cv-13749-tll
                                             Hon. Thomas L. Ludington
                  Plaintiff

v.                                           Magistrate Judge: Patricia T. Morris

BECKER-PRESSENTE, LLC, ET AL.,

                  Defendants
_____/

**PLAINTIFF'S RESPONSE TO DAVID STOCKMAN'S PRO SE MOTION**
**FOR CLARIFICATION OF PARTY STATUS AND CORRECTION**
**OF CAPTION; ALTERNATIVE MOTION TO INTERVENE; REQUEST**
**FOR LEAVE TO RESPOND TO MOTION TO REMAND; TO STRIKE**
**OR CLARIFY CERTAIN LANGUAGE IN THE OPINION AND ORDER;**
**FOR RECONSIDERATION OF THE TIMELINESS RULING;**
**AND TO STAY REMAND ORDER**

### INTRODUCTION

David Stockman ("Stockman") has filed a motion he has captioned *David Stockman's Pro Se Motion for Clarification of Party Status and Correction of Caption; Alternative Motion to Intervene; Request for Leave to Respond to Motion to Remand; To Strike or Clarify Certain Language in the Opinion and Order; for Reconsideration of the Timeliness Ruling; and to Stay Remand Order* (the "Motion"). Stockman's Motion (DN 11) and various requests for relief are based on

{01172569.1}

two factual assertions: first, that Stockman is not a party to this action, and second, that Stockman was not served with the Plaintiff's Motion for Remand (DN 4).

**Both of these factual assertions are false.  Moreover, Stockman knows they are false.**  Stockman has made these false statements even though he knows they are false in bad faith to try to further delay this action.  Stockman's Motion should be denied, and this Court should sanction him for filing it.

### COUNTER-STATEMENT OF FACTS

Stockman's "statement of facts" is littered with false statements.  As Stockman's "facts" are set out in numbered paragraphs, the Plaintiff responds to each numbered paragraph in turn to attempt to correct the record in the clearest and simplest manner possible.

1. Stockman claims in paragraph 1 that he was not a defendant in the removed case.  That is false, and Stockman knows it.  The Court of Common Pleas in Montgomery County, Ohio Civil Division, entered a Judgment against the Defendants (the "Judgment"), specifically including Stockman, on December 10, 2024.  See Judgment, Exhibit A.   The Plaintiff then domesticated the Judgment in Michigan.  The Plaintiff served Stockman with an Affidavit and Notice of Entry of Foreign Judgment, notifying him that the Judgment which had been entered against him was being domesticated, and thus, that he was a party to the action.  See

{01172569.1}

Affidavit and Notice of Entry of Foreign Judgment, with Proof of Service, Exhibit B. The domestication initiated Saginaw Circuit Court Case No. 25-000212-CZ (the "State Court Case"). See Exhibit B. As Stockman admits, that is the case which he removed. See Motion, p 3, paragraph 1. Stockman is a defendant in this case and he is fully aware of that fact.

2. As argued in the Plaintiff's Motion to Remand (DN 4), Stockman is not a lawyer and cannot remove a case on behalf of a corporate entity. That is one of the reasons the Notice of Removal was defective. See DN 4, p 8. Stockman's legal conclusion that the Notice of Removal, "invoked this Court's bankruptcy jurisdiction" is incorrect, as set forth below.

3. The Judgment and subsequent domestication made Stockman an individual defendant and a party. He is rightfully listed as a defendant. There is no error to correct. See Exhibits A and B.

4. Stockman is a judgment debtor. See Exhibits A and B. Seeking information on his individual assets is entirely appropriate. See, e.g., MCL 600.6104. In addition, if Stockman had objections to the document requests in the creditor's examination subpoena (the "Subpoena"), the appropriate course of action would have been to object to a particular request or seek a protective order, rather than seek a meritless and very late removal of this case. See, e.g., MCR 2.310, 2.506, and 2.302(C).

5. The Plaintiff did, in fact, timely file the Motion to Remand. The Plaintiff also timely served Stockman with the Motion for Remand. In addition to filing the Motion for Remand on this Court's docket, the Plaintiff, well aware of the litigation games Stockman plays, served Stockman both by mail and electronic mail. See Proof of Service, Exhibit C. The Plaintiff served Stockman on December 17, 2025, over **five months before** this Court issued its Opinion and Order Granting In Part Motion To Remand. See Exhibit C; *and compare* DN 6.

6. Stockman first attempted to file this Motion on June 1, 2026. As Stockman admits, this Court struck that version of Stockman's Motion for violating the Local Rules. Stockman has now re-filed his Motion, **over six months** after the Plaintiff filed its Motion for Remand.

7. It is true that the Plaintiff's Supplemental Brief and the Plaintiff's request for attorneys' fees contained within it remain pending. Mr. Stockman's response to the Supplemental Brief does not claim that small amount of fees requested in that Brief are unreasonable. As a result, this Court should award the fees and remand this case as soon as possible.

## **ARGUMENT**

### A. Stockman Has Always Been A Party.

As stated in paragraph 1 above, Stockman is a judgment debtor and thus a party. See Exhibits A and B. Moreover, Stockman is well aware that he is a party.

{01172569.1}

See Exhibit B. He was timely served with the Motion to Remand and had more than enough time to respond. See Exhibit C. No correction of the caption is necessary or appropriate.

> **B. Stockman Does Not Need To Intervene Because He Is Already A Party.**

Again, Stockman is already a party. Intervention is therefore both unnecessary and improper. Stockman's statement that the Subpoena which he willfully and illegally ignored was directed toward a non-party is false, and Stockman knows that it is false. See Exhibits A and B.

Stockman's statement that "confusion" exists as to his status as a party because the removal was filed by a "non-attorney representative of a corporate defendant" illustrates the lengths Stockman is willing to travel in order to twist the truth. It is none other than Stockman who is the "non-attorney representative" to whom Stockman is obliquely referring as if the person's identity is unknown. See DN 1. Stockman's attempt to represent a corporate entity when he is not an attorney does not somehow create confusion about who the parties are in this case. He is still a party under the Judgment and in the underlying state case, and thus a party here as well. See Exhibits A and B.

{01172569.1}

**C.**     **Stockman Should Not Be Permitted To Respond To The Motion For Remand After Failing To Do So For Over Five Months.**

The Plaintiff served Stockman with the Motion for Remand in December by both mail and electronic mail.  See Exhibit C.  Stockman had *over five months* to respond before this Court issued its Opinion and Order in May.  As set forth above, there is no "party status defect" or confusion.  See Exhibits A and B.  Stockman simply chose not to respond.

Stockman did not timely respond because he has no meritorious arguments and thus prefers to file late in order to delay proceedings.  These proceedings have been delayed more than enough by Stockman's very late and completely meritless Notice of Removal and should not be delayed again.  As noted in this Court's Opinion and Order, Stockman has a long history of this kind of litigation abuse.  See DN 6, p 6.

**D.**     **The "Characterization" That Stockman Removes Cases For The Sole Purpose Of Delay Is Entirely Accurate.**

Stockman's record, cited by this Court, speaks for itself.  See DN 6, p 6. Worse, Stockman again relies on his false statement that he is not a party to argue that the Subpoena was improper.  The fact that Stockman knows that he is a party, and repeatedly makes and relies on this false statement, is indicative of Stockman's bad faith.  The language in the opinion to which Stockman refers is entirely appropriate.

{01172569.1}

### E.      Stockman's Legal Argument Is Both Late And Meritless.

Stockman argues that he did not have to comply with 28 U.S.C. 1446 because he is invoking "bankruptcy jurisdiction".   Stockman's argument is frivolous and emphasizes the need for additional sanctions against him.

Stockman claims that 28 U.S.C. 1446 does not apply because he removed this case under 28 U.S.C. 1334 and 28 U.S.C. 1452.  28 U.S.C. 1334 states that District Courts have jurisdiction over all cases under title 11 – in other words, bankruptcy cases.  See 28 U.S.C. 1334(a).  28 U.S.C. 1452(a) states that a party may remove most cases arising under 28 U.S.C. 1334(a) – that is, bankruptcy cases – to District Court.  Stockman's argument is essentially that he is removing a bankruptcy case and thus the strictures of 28 U.S.C. 1446 do not apply.

This is false.  There is no bankruptcy case.  The Bankruptcy Court dismissed the bankruptcy case of Becker-Pressente, LLC on May 23, 2025 – months before Stockman illegally filed the Notice of Removal on Becker's behalf.  See DN 1, DN 6, pp 2-3.  As this Court noted, the bankruptcy case Stockman filed was dismissed long ago because of Stockman's repeated violations of the Bankruptcy Rules, and the Bankruptcy Court's finding that Stockman filed the bankruptcy cases for the sole purpose of delay and in bad faith.  See DN 6, pp 2-3.

Since no bankruptcy case exists, 28 U.S.C. 1334 and 28 U.S.C. 1452 do not apply.  This Court was correct to hold that Stockman's removal was untimely under 28 U.S.C. 1446.

**F.      The Request For A Stay Is A Bad Faith Attempt To Delay.**

Stockman cites no law supporting his request for a stay.  There is none.  This is merely a bad faith attempt at further delay, based on Stockman's knowingly false assertions.

**G.      This Court Should Order Additional Sanctions Against Stockman.**

Federal Civil Rule 11(b)(1)—(3) provides that by presenting a motion to the Court an unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the filing (1) is not presented for an improper purpose, (2) the legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law, and (3) the factual contentions presently have evidentiary support or will have such support upon further investigation.  If, after notice and a reasonable opportunity to respond, the Court determines that Rule 11(b) has been violated, the Court may impose an appropriate sanction on any party that violated the rule.  *Id.*(c)(1).

The sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated," and if a sanctions award is prompted by a party motion, may include the prevailing party's reasonable expenses, including attorney's fees, incurred for the motion. *Id.*(c)(2); *see also id.*(c)(4).

In this Circuit, the test for whether Rule 11 sanctions are warranted is whether the conduct for which sanctions are sought was reasonable under the circumstances. *Salkil v. Mount Sterling Twp. Police Dep't*, 458 F.3d 520, 528 (6th Cir. 2006). This test is an objective standard. *See Jackson v. Law Firm of O'Hara, Ruberg, Osborne & Taylor*, 875 F.2d 1224, 1229 (6th Cir. 1989). The Rule 11 standard takes into account the special circumstances that often arise in pro se situations. But pro se filings do not serve as an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets. *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988) *In re Polyurethane Foam Antitrust Litig.*, 165 F. Supp. 3d 664, 666 (N.D. Ohio 2015).

It could not be clearer that Stockman's current Motion is filed in bad faith. As this Court has already found, Stockman's Notice of Removal was meritless. But because Stockman removed the case anyway, the Plaintiff was forced to file its Motion for Remand in December.

{01172569.1}

Stockman received notice of the Motion and did not bother to respond for over five months.  Instead, he waited in the weeds until this Court issued its opinion and only then filed what is essentially a motion for reconsideration, claiming he was somehow confused about whether he was a party to this case.

Stockman does not cite the standard for a motion for reconsideration.  He does not make a single meritorious argument explaining why his late and mislabeled motion for reconsideration should even be considered, let alone why his late Notice of Removal should not be remanded.

Instead, Stockman falsely claims that he is not a party to this case and that he was not served with the Motion for Remand.  He claims he is not a party to a case seeking to collect on a Judgment that specifically names him.

All of Stockman's statements and arguments related to his status as a party are false, and he knows it.  See Exhibits A-C.  He makes these arguments anyway, lying to this Court over and over again.  All to delay having to show up for a routine creditor's examination - presumably because Stockman wants to continue to hide his assets and avoid paying the amounts he owes under the Judgment.

Enough is enough.  Stockman does not have the right to delay this case or the collection of the amounts owed under the Judgment against him with meritless litigation.  *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988); *In re Polyurethane*

{01172569.1}

*Foam Antitrust Litig.*, 165 F. Supp. 3d 664, 666 (N.D. Ohio 2015).  Stockman must be sanctioned in a manner that suffices to deter repetition of the conduct or comparable conduct.  Fed.R.Civ.P. 11(c).  He should not be permitted to indefinitely delay the collection of the amounts he owes under the Judgment by legal games and falsehoods.

The Plaintiff asks this Court to sanction Mr. Stockman by requiring him to pay the Plaintiff $25,000 within fourteen days.  This amount has no relationship to attorneys' fees the Plaintiff has incurred, but is instead an amount intended to deter Stockman from attempting further delay.  If Stockman fails to pay within fourteen days, this Court should hold Stockman in contempt and issue a warrant for his arrest, and the amount due should be increased by $5000 for every week Stockman fails to pay.  Hopefully such a sanction will suffice to prevent Stockman from further bad faith abuse of the Courts in the future.

Respectfully submitted,

SCHAFER AND WEINER, PLLC

 /s/ Joseph K. Grekin
JOSEPH K. GREKIN (P52165)
Attorney for Plaintiff
40950 Woodward Ave., Suite 100
Bloomfield Hills, MI 48304
(248) 540-3340
jgrekin@schaferandweiner.com

Dated: June 29, 2026

{01172569.1}

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

GOF FINANCE-C, LLC,

        Plaintiff

v.

BECKER-PRESSENTE, LLC, ET AL.,

        Defendants

_____/

Case No. 25-cv-13749-tll
Hon. Thomas L. Ludington

Magistrate Judge: Patricia T. Morris

## <u>PROOF OF SERVICE</u>

I hereby certify that on June 29, 2026, I served **Plaintiff's Response to David Stockman's Pro Se Motion for Clarification of Party Status and Correction of Caption; Alternative Motion to Intervene; Request for Leave to Respond to Motion to Remand; to Strike or Clarify Certain Language in the Opinion and Order; for Reconsideration of the Timeliness Ruling; and to Stay Remand Order** via first class mail upon:

David Stockman
3871 Fortune Blvd.
Saginaw, MI 48603

        /s/ Pamela Jozwiak, Legal Assistant to
        Joseph K. Grekin (P52165)
        Schafer and Weiner, PLLC
        40950 Woodward Ave., Ste. 100
        Bloomfield Hills, MI 48304
        Telephone: (248) 540-3340
        **Attorneys for Plaintiff**

{01176684.1}