UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GOF FINANCE-C, LLC,

Plaintiff,

v.

Case Number 25-13749
Honorable David M. Lawson

BECKER-PRESSENTE, LLC;
DAVID STOCKMAN,

Defendants.
_______________________________________/

**ORDER AWARDING FEES UNDER 28 U.S.C. § 1447(c)
AND REMANDING CASE TO SAGINAW COUNTY CIRCUIT COURT**

On May 26, 2026, the Court granted the plaintiff's motion for remand and held that it was entitled to attorney's fees incurred because of the removal under 28 U.S.C. § 1447(c). However, observing that the $3,718 in fees requested by the plaintiff were not substantiated, the Court ordered the plaintiff to submit records substantiating its request. ECF No. 6, PageID.205. The plaintiff then filed copies of invoices related to work performed in response to the defendants' attempt to remove the case, including time spent preparing its motion for remand. ECF No. 7.

Typically, the reasonableness of an attorney's fee request is measured by the lodestar method. *Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 702 (6th Cir. 2016). That method calls for multiplying "the number of hours reasonably expended on the litigation . . . by a reasonabl[e] hourly rate." *Ibid.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "The party seeking attorney's fees bears the burden of proof on the number of hours expended and the rates claimed." *Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999). If "documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433 (1983). Additionally, the Court must "exclude . . . hours that were not reasonably expended." *Id.* at 434. A reasonable rate for the purpose of the lodestar calculation is "the rate that lawyers of

comparable skill and experience can reasonably expect to command within the venue of the court of record." *Husted*, 831 F.3d at 715 (citing *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004)). Sources of information include "a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests." *Id.* at 716 (internal quotation omitted).

The Court has reviewed the invoices and finds the fee request reasonable. The plaintiff seeks compensation for roughly eight hours of work performed by three attorneys, whose billing rates range between $475 and $490 per hour. The rates are consistent with those charged by attorneys in the same venue and specialty, as they are slightly above the median rate charged by business/commercial litigation attorneys in Michigan ($455) and slightly below the mean ($510). *See* State Bar of Mich., Economics of Law Survey 2026: Attorney Income & Billing Rate Summary, tbl. 7 (2026), https://www.michbar.org/file/pmrc/pdfs/EOL_SurveyResults26.pdf. The relatively low volume of hours for which the defendants seek compensation is appropriate in light of the complexity of the proceeding and the work performed.

However, the Court will only award fees against defendant Becker-Pressente, LLC at this juncture. Defendant David Stockman evidently has filed a Chapter 11 bankruptcy petition, ECF No. 19, which operates as a stay on all judicial proceedings against him, *see* 11 U.S.C. § 362(a). The Court will refrain from awarding fees against defendant Stockman to avoid disturbing the bankruptcy stay.

With the fee matter resolved, the Court now will remand the case to state court.

Accordingly, it is **ORDERED** that plaintiff GOF Finance-C, LLC is awarded attorney's fees in the amount of $3,718.00 against defendant Becker-Pressente, LLC, only.

It is further **ORDERED** that the case is **REMANDED** to the Saginaw County Circuit Court.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: August 3, 2026